FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★ JUN 0 8 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
AASIM M. MCPHEE,

                              Plaintiff,

-Against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
ZITO, INDIVIDUALLY AND AS A POLICE OFFICER,
AND POLICE OFFICER JOHN DOE, INDIVIVUALLY
AND AS A POLICE OFFICER,

                              Defendants.
--------------------------------------------------------------X

Plaintiff Demands
Trial by Jury

VERIFIED COMPLAINT

**09   2415**

**AMON, J.**

**REYES, M.J**

Plaintiff Assim M. McPhee (hereinafter referred to as Assim and/or Plaintiff), by his attorney, John M. Rodriguez, P.C., his complaint alleges as follows:

## NATURE OF CLAIMS

1. Plaintiff seek redress pursuant to 42 U.S.C. Section 1983 and 1988, et seq., for violation of rights secured by the First, Fourth, Sixth, Eighth Amendments, and by the Equal Protection and Due Process Clause of the Fourteenth Amendment to the United States Constitution.

2. Plaintiffs also seek redress under Article I, Section 11 of the New York State Constitution for denial of equal protection, and redress for tortuous conduct against Plaintiff by defendants through Assault and Battery, Negligent Hiring, Training and Supervision, False Arrest and Imprisonment, Malicious Prosecution, Abuse of Process, Conspiracy, and Prima Facie Tort.

3. The Plaintiffs' seek damages, compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

4. Due to outrageous and intentional acts of police misconduct, the Plaintiff, an innocent young man were severely beaten by said defendant, Police Officer Zito. The plaintiff was unlawfully arrested for purely fictitious crimes conjured up by said defendant police officers while knowing all along that no crimes had been committed. Moreover, all said police officer defendants conspired to, and in fact did, knowingly offer false testimony against plaintiffs in order to effectuate an arrest as well as the drafting of an accusatory instrument

## JURISDICTION

5. This court is empowered by 28 U.S.C. Section 1331, 1343, 1367, 2201, and 2202, to hear and decide these claims for relief. This Court has pendent and supplemental jurisdiction over all claims asserted herein under the laws of the State of New York, pursuant to 28 U.S.C. 1367 (A).

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. 1391 (a), (b) and (c). All material events described in this Complaint occurred in the City of New York, Kings County, New York.

## JURY TRIAL DEMANDED

7. Plaintiffs demand a trial by jury on each of the claims pleaded herein.

## PARTIES

8. Plaintiff is a U.S. citizen and resident of the Kings County, State of New York.

9. Police Officer Zito and Police Officer John Doe are police officers employed by the City of New York Police Department, and, upon information and belief, are still currently employed as said same.

10. The aforementioned named Defendant police officers were at all time relevant herein duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of Kings County. The aforementioned named Defendant police officers were at all times relevant herein acting under the direction and control of the New York City Police Department, a municipal agency of the City of New York, and were acting pursuant to either official policy, or the custom, practice and usage of New York City Police Department, a municipal agency of the City of New York. The aforementioned named Defendant police officers are also being sued individually.

11. At all times relevant herein, all of the aforementioned named Defendant police officers were acting under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of New York, and the City of New York Police Department, and was acting in the course and scope of their duties and function as officers, agents, servants, and employees of the City of New York Police Department, and were acting in the course and scope of their duties and functions as officers, agents, servants, and employees of the City of New York Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. At all times relevant herein, all of the aforementioned named Defendant police officers were acting for and on behalf of the City of New York Police Department, with the power and authority vested in them as officers, agents, servants and employees of the City of New York Police Department, a municipal agency of the City of New

York. The Defendant City of New York is liable for all the Causes of Action mentioned herein based on the principle of Respondent Superior, as well as the other principles articulated herein.

## PRELIMINARY FACTS

12. Plaintiff has complied with all conditions precedent to commencing this action and, in particular, on or about August 10, 2007, within ninety (90) days after the claim upon which this action is based, Plaintiff duly served upon the defendants a Notice of Claim pursuant to and in full compliance with the provisions of 50-e of the New York State General Municipal Law.

13. More than thirty (30) days have elapsed since the service of the Notice of Claim and adjustment or payment thereof has been rejected or refused by the defendants.

## STATEMENT OF FACTS

14. Plaintiff were falsely detained, assaulted and arrested by all of the aforementioned named Defendant police officers on or about June 9, 2009, at approximately 2:00p.m., at the vicinity of 898 Park Avenue in Kings County and the State of New York. The arrest and detention by said defendants was made without cause or justification. Defendants did intentionally, willfully and maliciously, wrongfully, unlawfully, and unjustifiably arrest, detain, assault and incarcerate the Plaintiff.

15. Plaintiff was en route back to work from lunch.

16. That on the above referenced date, time and at the above location, the two aforementioned police officers exited their RMP and approached the Plaintiff.

17. One officer threw the plaintiff against the wall and the other police officer pulled his handgun on the Plaintiff without provocation or good legal cause.

18. Police Officer Zito searched the plaintiff without cause, while making disparaging racial epithets (Officer Zito called the Plaintiff, among other things, NIGGER) toward the Plaintiff. A utility knife, used by the Plaintiff on his job as a custodian/maintenance worker, was recovered from Plaintiff's pocket.

19. Police Officer Zito further assaulted the Plaintiff at the scene, handcuffed and while being forced into the rear of the RMP, further physically abused, causing injury to Plaintiff's head, neck and lower back, right shoulder and right knee.

20. Plaintiff indicated to the Police Officers he had recently been injured in an auto accident and had suffered serious bodily injury. This statement did not stop the officer's physical abuse of the Plaintiff. Plaintiff also requested the police officers allow him to contact his attorney. The officers refused.

21. The plaintiff was then taken to PSA 3, and subjected to further physical abuse while en route.

22. After taken to the precinct, Police Officer Zito placed the Plaintiff into a small room in the precinct.

23. Police Officer Zito then demanded defendant remove clothing for a strip search, indicating he was "searching for weapons."

24. Plaintiff refused to remove his clothing. Police Officer Zito then pulled Plaintiff's pants and underwear down, assailing the Plaintiff pride and dignity, and subjecting him to embarrassment and humiliation without due cause.

25. Police Officer Zito's outrageous behavior continued as he forced the Plaintiff by means of physical abuse to bend over and squat, so as to release any hidden "weapons" the

Plaintiff may have been hiding in his anal cavity. No weapons or other contraband was recovered from the Plaintiff or otherwise found.

26. The Plaintiff was held in the stationhouse more than three hours, during which time the Plaintiff informed the other Police Officer he was working and the utility knife recovered from his pocket was used, among other things, to cut boxes, cellophane and cord.

27. That Police Officer contacted the Plaintiff's supervisor (Grenadier Realty) who verified Plaintiff's work and the use of the utility knife on the job.

28. Sometime hereafter the Plaintiff was released at the precinct but not before he was issued two summons for disorderly conduct and for a knife displayed outside clothing.

29. The conduct of the defendants in detaining, falsely arresting, assaulting, imprisoning and fabricating proximately caused Plaintiffs' serious and permanent emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

30. All conduct of the defendants herein was gross, willful, wanton, intentional, purposeful and reckless, negligent and causeless.

31. At all times material to this complaint, the defendant the City of New York, acting through New York City Police Department, had in effect de facto policies, practices, and customs that were a direct and proximate cause of unconstitutional conduct of defendants. These de facto policies, practices and customs include, inter alia: the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control police officers who are repeatedly accused of such acts; and, the police code of silence wherein police officers regularly cover-up police misconduct and unjustified force and tactics by telling false and incomplete stories, or by failing to report the misconduct and unjustified force and tactics by police officers.

32. While the tolerance for brutality arises from the same set of police attitudes as the tolerance of corruption, there is an important difference. Unlike serious corruption, which most cops outwardly tolerate but inwardly deplore and resent, officers seem fairly tolerant - - both outwardly and inwardly - - of occasional police brutality… [M]any do not seem to believe that anything is really wrong with a few blows and bruises now and then. Even officers who would never take a free cup of coffee, seem to tolerate what they believe is a little street justice.' An excessive use of fists to face, a nightstick to the ribs, and knees to groin are seen as the realities of policing."

33. The defendant the City of New York and New York City Police Department had or should have had, knowledge of the vicious and violent tendencies of its employees, including all of the named police officer defendants.

34. The defendant the City of New York and New York City Police Department knew or should have known of the unlawful actions of all of the named police officer defendants through actual and constructive notice of their unlawful activities, including, but not limited to those allegations as set forth herein above.

35. The defendant City of New York failed to exercise reasonable care by retaining and not terminating the employment of all said named police officer defendants or taking other appropriate corrective action. The occurrence complained herein is due to the negligence and recklessness of the defendant the City of New York.

36. On information and belief, the defendant the City of New York and New York City Police Department have failed to effectively screen, hire, train, supervise and discipline their police officers, including all of the named defendant police officers, for their propensity for misconduct, including lack of truthfulness, and for their failure to protect

citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the named police officer defendants herein to be in a position to unjustifiably, manufacture evidence, arrest, restrain and assault the Plaintiff's and to otherwise cause them injury and violate their federal and state constitutional rights.

37. On information and belief, the named police officer defendant has been the subject of prior civilian and departmental complaints of misconduct that gave notice to, or should have given notice to, the City of New York that the name police officer defendant was likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by Plaintiff herein.

38. On information and belief, the defendant the City of New York and the New York City Police Department, maintained an inadequate structure for risk containment and stress management relative to its police officers, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient at the time selection of police officers and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the performance of individual police officers; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer; and its ability to otherwise put the command structure on notice that an individual or individuals were at significant levels of risk to the public at large or to specific segments thereof. The effect of this was to permit police officers to function at levels of significant and substantial risk to the public.

39. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant the City of New York and New York City Police Department, have permitted and allowed the employment and retention of individuals as police officers whose

individual circumstances place the public or segments thereof at substantial risk of being victims of violent and fraudulent behavior. Such polices, practices, customs, and/or usages are a direct and proximate cause of the conduct alleged herein and are otherwise a direct and proximate cause of the injuries to Plaintiff herein.

40. As a direct and proximate result of the City of New York's wrongful policies, practices, customs and/or usages complained of herein, Plaintiffs' suffered serve physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

41. Defendant City of New York is additionally liable under the legal principle of Respondent Superior, in that all of the named police officer defendants were on duty and were acting in the course and scope of his duties and employment as a City of New York Police Officer(s) during the detention, false arrest, malicious prosecution and assault upon Plaintiff.

## FIRST CLAIM FOR RELIEF
## 42 U.S.C. 1983

42. Plaintiff repeats and realleges every assertion contained in paragraphs "1" through "41" of this Complaint as if recited at length herein.

43. By the aforesaid acts, defendants have violated Plaintiff's Right to Equal protection of laws under the Fourteenth Amendment to the United States Constitution, thereby giving rise to a cause of action pursuant to 43 U.S.C. 1983.

44. The conduct and actions of the named defendant police officers, and defendant City of New York, acting under color of law, in falsely arresting, detaining, assaulting, maliciously prosecuting, providing false evidence and conspiring against Plaintiffs, was done intentionally, maliciously and/or with a reckless disregard for the natural and

probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiffs' Constitutional rights as guaranteed under 42 U.S.C. 1982, et seq., deprived the Plaintiffs of their Rights including, but not limited to, their rights under the First and Fourth Amendments guaranteeing protection against unlawful seizure of his person, the Fifth, Sixth and Fourteenth Amendments guaranteeing due process, right to fair trial and equal protection under the law, and the Eighth Amendment guaranteeing protection from cruel and unusual punishment, and Title 42 U.S.C. 1983 et seq.

45. By reason of the Constitutional violations by the defendants, Plaintiffs have been damaged as set forth above.

## SECOND CLAIM FOR RELIEF
### New York Constitution Art. I, 11

46. Plaintiff repeats and realleges every assertion contained in paragraphs "1" through "45" of this Complaint as if recited at length herein.

47. By the aforesaid acts, defendants have violated Plaintiff's Right to Equal protection laws under Article I, 11 of the New York State Constitution, thereby giving rise to cause of action pursuant to that Article.

48. The conduct and actions of the defendant Police Officers, and defendant the City of New York, acting under color of law, in falsely arresting, detaining, imprisoning, assaulting, maliciously prosecuting and conspiring against Plaintiff, was done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of

the Plaintiffs' Constitutional rights as guaranteed under law and Constitution of the State of New York. The above-described actions and omissions engaged in under color of state law by the named police officer defendants, including defendant City of New York, sued as a person within the meaning of Article I, 11, deprived the Plaintiffs of rights, including but not limited to, their rights under Article I, 8,9 guaranteeing freedom of expression and association, Article I, 12 guaranteeing protection against unlawful seizure of one's person, Article I, 11 guaranteeing due process and equal protection under the law, and Article I, 15 guaranteeing protection from cruel and unusual punishment.

49. By reason of the Constitutional violations by defendants, Plaintiff has been damaged as set forth above.

### THIRD CLAIM FOR RELIEF
### Negligent Hiring, Training and Supervision

50. Plaintiff repeats and realleges every assertion contained in paragraphs "1" through "49" of this Complaint as if recited at length herein.

51. The above-described injuries suffered by the Plaintiffs are the proximate result of the negligence of the defendant New York City Police Department, in that the defendant City of New York, and New York City Police Department failed to exercise reasonable care in hiring, employment, supervision, and training of its employees.

52. The defendant City of New York, and New York City Police Department had, or should have had, knowledge of the vicious and violent tendencies of its employees, including the named police officer, defendant.

53. Defendant City of New York, and New York City Police Department knew or should have known of the unlawful actions of the named police officer defendant, through actual

and constructive notice, of their unlawful activities, including but not limited to those allegations as set forth in the preceding paragraphs above. Defendants City of New York, and New York City Police Department failed to exercise reasonable care by retaining and not terminating the employment of the named police officer defendant or taking other appropriate corrective action. The occurrences complained of herein were due to the negligence and recklessness of the defendant City of New York, and the New York City Police Department.

54. By the reason of the tortuous conduct of defendants, Plaintiffs have been damaged as set forth above.

## FOURTH CLAIM FOR RELIEF
### False Arrest and Detention

55. Plaintiff Ophelia repeats and realleges every assertion contained in paragraphs "1" through "54" of this Complaint as if recited at length herein.

56. By the aforesaid acts, defendants have unlawfully and unjustifiably arrested and detained Plaintiff without any lawful cause whatsoever. Defendants acted willfully, unlawfully, maliciously, recklessly, and negligently in arresting and detaining Plaintiff, despite Plaintiff's innocence, and utilized the criminal justice system through conspiracy and providing false evidence to prosecute Plaintiff in order to "cover up" their own wrongful conduct.

57. The Defendants tortuous conduct, as set forth above herein, directly resulted in the Plaintiff being wrongfully detained.

58. By reason of the Defendants tortuous conduct, Plaintiff has been damaged as set forth above.

## FIFTH CLAIM FOR RELIEF
### Prima Facie Tort

59. Plaintiff repeats and realleges every assertion contained in paragraphs "1" through "58" of this Complaint as if recited at length herein.

60. In falsely arresting, detaining, and conspiring against Plaintiff, defendants, police officer acted with malicious intent, recklessness, and negligence, to injure and harm Plaintiffs.

61. By reason of the Defendants tortuous conduct, Plaintiffs have been damaged as set forth above.

62. For all claims arising under New York State Law, defendant, New York City, Police Officer Zito, Police Officer John Doe and the New York City Police Department are jointly and severally liable to the Plaintiffs inasmuch as this action arises out of the exceptions set forth in 1602 subdivisions 7 and 11 of the Civil Practice Law and Rules.

## SIXTH CLAIM FOR RELIEF
### Assault and Battery

63. Plaintiff repeats and realleges every assertion contained in paragraphs "1" through "62" of this Complaint as if recited at length herein.

64. By the aforesaid acts, defendants have caused physical harm and injury upon the person of the Plaintiff. Defendants acted willfully, unlawfully, maliciously, recklessly, and negligently in the use of excessive force upon the Plaintiff's person, through the violent use of punches, kicks, shoves, pushes, elbows and other abusive physical acts.

65. By reason of tortuous conduct of defendant(s), the plaintiff has been damaged as set forth above.

## SEVENTH CLAIM FOR RELIEF
### Conspiracy

66. Plaintiff repeats and realleges every assertion contained in paragraphs "1" through "65" of this Complaint as if recited at length herein.

67. The named Police Officer defendants did knowingly and intentionally, agree and or otherwise conspire to provide false testimony and/or evidence against the plaintiff to cover up their wrongdoing of falsely arresting, detaining, imprisoning, assaulting and maliciously prosecuting the Plaintiffs.

68. The product of said conspiracy could have lead to the Plaintiffs being sentenced to up to one year in jail and receiving a misdemeanor criminal record.

69. The defendants tortuous conduct caused the Plaintiffs to suffer serve emotional distress and thus he has been damaged as set forth above.

## EIGHTH CLAIM FOR RELIEF
### Malicious Prosecution

70. Plaintiff repeats and realleges every assertion contained in paragraphs "1" through "69" of this Complaint as if recited at length herein.

71. The defendants intentionally and knowingly provided false evidence and/or information to the prosecutorial agencies involved herein in an effort to conceal their wrongful actions.

72. Based on the defendants deliberate actions as set forth above, the Plaintiffs were falsely prosecuted by the Kings County District Attorney's Office.

73. The Plaintiff was compelled to retain counsel to defend himself against the false charges that was filed against him.

74. The Plaintiff was charged with various violations such as Disorderly Conduct, and Displaying A Knife Outside His Person.

75. As set forth above the Plaintiff was forced to endure at 3 court appearances based on the defendant's actions.

76. The named Police Officer defendants provided false information against the Plaintiff in the summons.

77. Despite the defendants tortuous actions the Plaintiff's cases were dismissed.

78. By reason of the tortuous conduct of defendants the Plaintiffs have been damaged as set forth above.

**WHEREFORE**, Plaintiff respectfully requests judgment upon all causes of action against defendants as follows:

1. With respect to defendant The City of New York:

a. Declaratory judgment declaring that the defendant City of New York have violated the aforesaid statutes and constitutions;

b. Restitution to Plaintiff of his right to privileges, benefits and income which would have been received by him but for defendant's unlawful, wrongful, tortuous, and unconstitutional conduct;

c. Compensatory damages in an amount to be determined by the court and jury;

d. Punitive damages in an amount to be determined by the court and jury;

e. Reasonable attorney's fees, disbursements and costs of this action, pursuant to 42 U.S.C. Section 1988;

f. All legal and statutory interest on sums awarded;

g. Such other and further relief as this honorable court may deem just, proper and equitable.

2. With respect to each named police officer defendant:

a. Declaratory judgment declaring that the defendant have violated the aforesaid statutes and constitutions;

b. Restitution to Plaintiff of their right to privileges, benefits and income which would have been received by him but for defendant's unlawful, wrongful, tortuous, and unconstitutional conduct;

c. Compensatory damages in an amount to be determined by the court and jury;

d. Punitive damages in an amount to be determined by the court and jury;

e. Reasonable attorney's fees, disbursements and costs of this action, pursuant to 42 U.S.C. Section 1988;

f. All legal and statutory interest on sums awarded.

**WHEREFORE, THE PLAINTIFF SEEKS JUDGMENT** on the first through the eighth causes of action for compensatory damages, punitive damages, legal fees and costs, disbursements, and such other and further relief as to the court seems just and proper.

DATED: New York, New York
June 4, 2009

[signature]
John M. Rodriguez, Esq.
Law Office of John M. Rodriguez, P.C..
Attorneys for Plaintiff
286 Madison Avenue, Suite 2002
New York, New York 10017
(212) 889-5511

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of the State of New York certifies as follows:

That I am an attorney associated with the Law Firm of John M. Rodriguez, Esq., the attorney of record for the Plaintiff in the within action; that I have read the foregoing Verified Complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.

The undersigned further states that the reason this Verified Complaint is made by me and not by the Plaintiff is that the Plaintiff does not reside within the county in which my office is located.

The grounds of my belief as to all matters stated upon my knowledge are my interviews with the Plaintiff and a reading of the documents in my case file.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated: New York, New York
June 4, 2009

By: John M. Rodriguez, Esq.

Two blank NYC Criminal Court summons forms (AA-500.2 (2/04)), serial numbers 425620116-6 and 425620117-8, issued by The People of The State of New York. Both forms contain illegible handwritten entries in fields including Last Name, First Name, Street Address, City, State, Zip Code, ID Number, Date of Birth, Sex, and Date of Offense. Form fields include Susp/Rev Check, Motorist Exhibited License, License information, Vehicle information (Plate No., Make, Type, VIN), offense description, place of occurrence, violation section, speeding, disobey traffic control device, appearance date at 9:30 a.m. at Criminal Court, complainant information, and acknowledgment of receipt.